```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 ALEX DEJESUS,

                      Plaintiff,               MEMORANDUM & ORDER
                                               25-CV-2420 (EK)(MMH)

           -against-

 NYC HUMAN RESOURCE ADMINISTRATION,
 MOLLY WASOW PARK, and MAYSSA CHOUBAH,

                      Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Alex DeJesus brings this action against the New York City Human Resources Administration, as well the agency's commissioner (Molly Park) and deputy commissioner (Mayssa Choubah). Representing himself, he alleges that the defendants violated his constitutional rights and the Americans with Disabilities Act ("ADA") by terminating his benefits under the Supplemental Nutritional Assistance Program ("SNAP") and refusing to reinstate them. He also seeks to proceed *in forma pauperis*. That motion is granted, but the complaint must be dismissed for failure to state a claim.

## I. Background

        The following allegations are drawn from the complaint, and are presumed true for purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff alleges that the Human Resources Administration cancelled his SNAP benefits in February 2025. Compl. 5, ECF No. 1. Despite "repeated attemp[t]s" to speak to someone at the agency, he spent two hours per day on hold. *Id.* He then visited the agency's offices in Queens, where an employee told him to reapply. *Id.* After he did so, the employee told him to call the agency again. *Id.* Plaintiff did, and then spent another eight hours on hold. *Id.* He now seeks reinstatement of his benefits, compensation for the unpaid benefits, and "an increase of $3,500 a month." *Id.* at 6.

## II. Legal Standard

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.[1] A claim is plausible when it "raise[s] a right to relief above the speculative level." *Id.* at 555. The plaintiff cannot merely rely on "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.*

When a plaintiff seeks to proceed *in forma pauperis*, a court may dismiss the complaint *sua sponte* if, among other things, it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A court must construe *pro se* complaints to raise the strongest arguments that they

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Still, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam).

### III. Discussion

Plaintiff describes bureaucratic inefficiency of an extreme degree. Nevertheless, the complaint fails to state a claim upon which relief can be granted.

At the outset, plaintiff cannot sue the Human Resources Administration in its own name. Under the New York City Charter, damages actions against a city agency must be brought "in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter § 396; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007).

Even if the Court construes the complaint as against the City, *see, e.g.*, *Alleva v. N.Y. City Dep't of Investigation*, 696 F. Supp. 2d 273, 276 n.2 (E.D.N.Y. 2010), plaintiff still fails to state a viable Section 1983 against it or any other defendant. To state a Section 1983 claim against a municipality, a plaintiff must allege that his injury flowed from a municipal policy or custom. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Plaintiff

3

has not alleged the existence of any such policy or custom here. And to state a Section 1983 claim against an individual, a plaintiff must allege that the official's "own individual actions . . . violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Here, the complaint does not allege that Park or Choubah were personally involved in the termination or continued denial of plaintiff's benefits. Accordingly, his Section 1983 claims must be dismissed.

The ADA claims also fail. On a liberal reading of the complaint, plaintiff appears to assert a claim under Title II of the ADA, which governs access to public services for persons with disabilities. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003). To state a Title II claim, a plaintiff must allege, among other things, that he was "denied the opportunity to participate in or benefit from [government] services, programs, or activities . . . *by reason of* [his] disabilit[y]." *Id.* (emphasis added). Here, while plaintiff alleges that he is disabled, Compl. 2, he never alleges that the defendants denied him benefits because of that unspecified disability. He therefore has not stated a viable Title II claim under the ADA.

### IV. Conclusion

For the foregoing reasons, the complaint is dismissed for failure to state a claim.

This dismissal is without prejudice. Plaintiff may file an amended complaint that corrects the deficiencies identified herein within thirty days of entry of this order. *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). He is advised that the amended complaint will replace the original complaint in its entirety, that it must be captioned "Amended Complaint," and that it must bear the same docket number as this order: 25-CV-2420 (EK)(MMH). No summonses shall issue at this time and all further proceedings shall be stayed for thirty days. If plaintiff does not amend the complaint within thirty days, dismissal will be with prejudice and judgment will enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff and to note the mailing on the docket.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

```
Dated:    July 30, 2025
          Brooklyn, New York
```

6